Jessie Paul PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 34886.

Court of Criminal Appeals of Texas.

Nov. 7, 1962.

Rehearing Denied Jan. 2, 1963.

Foreman & Walsh, Houston, for appellant.

Jules Damiani, Jr., Dist. Atty., and Pete Urbani, Jr., Asst. Dist. Atty., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is a misdemeanor conviction in the Juvenile and County Court No. 2 of Galveston County for the offense of negligent homicide of the second degree; the punishment, confinement in jail for 18 months.

The state's evidence reveals that while the appellant was driving an automobile upon a public street he failed to observe a stop sign at a right angle intersection of two streets and struck an automobile passing through said intersection on the other street, which resulted in the death of two persons riding in the other automobile. There was no stop sign on the other street.

Appellant and his companion testified that they were traveling on the street without the stop sign and that the other automobile was traveling on the street with the stop sign and failed to observe the stop sign. Appellant testified that he turned his car in an attempt to avoid the collision but the other automobile struck his car.

The jury resolved the issues of fact against the appellant and it is concluded that the evidence is sufficient to support the conviction of the appellant as charged.

Appellant contends that this cause should be reversed on the ground that the official court reporter did not attend this trial and take full shorthand notes in accordance with the provisions of Art. 2324, Vernon's Ann.Civ.St.

A narrative statement of the evidence adduced on the trial, certified by the trial judge, accompanies the record. The judge certifies in the narrative statement that no court reporter attended the trial of this case.

The court in which this cause was tried was created by a Special Act of the Legislature. Tex.Gen. and Sp.Laws, 57th Leg., Ch. 291, p. 623 (1961). Section 12 of said Act in part provides:

"The judge may also appoint a court reporter when he deems it necessary to record and preserve testimony, utilizing the services of the regular district and county reporters when possible."

In the absence of any showing that the court had appointed a court reporter, it is not necessary to appraise the contention presented by appellant. Further, there is no showing that a request was made at any time to the trial court for a reporter in this case.

There are no formal bills of exception.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION
FOR REHEARING

WOODLEY, Presiding Judge.

Appellant's motion for rehearing complains of the absence of any order transferring the case from the district court in which the indictment was returned to the court where the case was tried.

Supplemental transcript has been filed in this Court which contains an order entered in the minutes of said district court transferring the case to the County Court of Galveston County, and an order transferring the case from that court to the court in which the case was tried.

Appellant's motion for rehearing is overruled.